■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL MITCHELL, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, entered November 26, 1962 after a jury trial, convicting

him of burglary in the third degree and possession of burglar's tools (as a felony), and imposing sentence upon him as a second felony offender. Part of the People's proof consisted of a written statement made by the defendant after his arrest and prior to arraignment. The issue of the voluntariness of that statement was submitted by the trial court to the jury for determination together with other issues. This procedure has been held to be in violation of the defendant's constitutional rights; he was entitled to a separate trial by the court alone of the issue as to the voluntariness of his confession (*Jackson* v. *Denno*, 378 U. S. 368; *People* v. *Huntley*, 15 N Y 2d 72). Accordingly, this action is remitted to the trial court for further proceedings in accordance with this decision and the decision in *People* v. *Huntley* (*supra*). In the interim, the pending appeal in this court will be held in abeyance. The remission is for the purpose of holding a separate trial upon the issue of the voluntariness of defendant's confession. The trial should be held promptly and *de novo* before the court without a jury, in accordance with the applicable procedure prescribed by *People* v. *Huntley* (*supra*). At the conclusion of the trial, the Justice presiding shall render his written decision setting forth specifically his findings of fact upon the issue; and his decision should be based exclusively on the facts adduced upon the separate trial before him. Within 30 days after the rendition of the trial court's decision the District Attorney shall: (a) file with the Clerk of this court a supplemental printed or typewritten record, consisting of the transcript of the stenographic minutes of the separate trial and of the court's decision, and (b) serve a copy of such supplemental record upon the defendant. Within 30 days after the service of such supplemental record upon him, the defendant may file with the Clerk of this court and serve upon the District Attorney a printed or typewritten supplemental brief; and within 20 days thereafter the District Attorney may file and serve a supplemental printed or typewritten brief on behalf of the People. (If the supplemental record or brief be typewritten, six copies are required to be filed and one copy served.) Thereafter this court will proceed to a determination of the appeal on the basis of the original and supplemental records and briefs filed. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.